**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| PHILLIP B. WHITAKER, Jr. | ) | |
| and DOUGLAS G. BULLARD | ) | |
| | ) | |
| Plaintiffs, | ) | Civil File No. |
| | ) | 4:08-cv-139(HLM) |
| vs. | ) | |
| | ) | |
| ELLEN RAOUL | ) | |
| and WILLIAM RAOUL | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PETITION FOR**
**DECLARATORY JUDGMENT**

COMES NOW ELLEN RAOUL ("**Ellen**") individually and

WILLIAM RAOUL ("**William**") by next friend and guardian Ellen Raoul

(hereinafter collectively referred to as "**Defendants**"), Defendants in the

above-styled action, and files this Defendants' Response to Plaintiffs'

Petition for Declaratory Judgment and shows this Honorable Court the

following:

1.

Admit

2.

Admit.  For purposes of clarification, the Petitioners referenced in the

Petition for Declaratory Judgment ("**Petition**") have been realigned as Plaintiffs in the current action.

3.

Admit.

4.

Admit.

5.

Admit.

6.

Admit.

7.

This action has been properly removed to this Court pursuant to 28 U.S.C. §1441(a).  Additionally, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1441.

8.

Admit.  For purposes of completeness, William is the only minor child of Gaston Raoul, deceased.

9.

Admit.

10.

Admit.

11.

Deny.  Pursuant to paragraph 2.1.2 of the Last Will and Testament of Gaston Raoul, III ("**Will**"), Plaintiffs were appointed as trustees of the trust established for William under paragraph 5.2 of the Will ("**Trust**") until William obtains the age of 35 years of age or until either Plaintiff fails to qualify or ceases to serve as trustee.  A true, accurate and correct copy of the Will and Codicil are attached hereto as **Exhibit "A"** and incorporated by reference.  Plaintiffs are **not**, nor have they ever been the guardians of the property of William.  In fact, on March 9, 2005, the Chancery Court of Hamilton County, Tennessee, issued an order appointing Ellen as the legal guardian of William's property.  A true, accurate and correct copy of the March 9, 2005 Order is attached hereto as **Exhibit "B"** and incorporated by reference.

12.

Admit.

13.

Admit.

14.

Admit.

15.

Defendants admit so much of paragraph 15 of the Petition to the extent that the Will speaks for itself; however, Defendants deny any allegation contained in paragraph 15 of the Petition to the extent that it suggests that paragraph 5.2 of the Will is the only paragraph of the Will relevant to the rights the parties seek to have this Court declare pursuant to the Will.

16.

Defendants admit so much of paragraph 16 of the Petition to the extent that the Will speaks for itself.  For purposes of clarification, completeness, and explanation, paragraph 5.2.4 of the Will expressly directs that William shall have the power and unconditional right, exercisable on an annual basis, to demand of the trustee, payment from the Trust of an amount equal to the greater of (1) $5,000 or (2) five percent of the aggregate value of the assets out of which such payment could be satisfied (this power has

been commonly referred to by the parties as the **"Five and Five Power"**).

This Five and Five Power amounts to approximately $75,000 for each year

the power has been exercised.  The Five and Five Power has been exercised

and proper demand made on Plaintiffs for the past 3 fiscal years.  Plaintiffs

have rejected each of those demands, and therefore, the aggregate amount

owed to William pursuant to the demands is no less that $225,000.

These demands have been properly made on William's behalf by

Ellen, who is William's sole surviving natural parent, legal guardian,

conservator, and court appointed guardian over William's property.  (*See* Ex.

B).  In addition to the authority granted to Ellen to act on behalf of William

by the Chancery Court of Hamilton County, Tennessee, the Will itself

expressly provides for Ellen's ability to act in her representative capacity on

behalf of William.

Paragraph 9.7 of the Will states,

> Any action taken under this will by my beneficiaries is valid if
> taken by the majority of the current income beneficiaries of that
> portion of my fiduciary estate to which such action pertains.
> **Any beneficiary who is a minor** or who is under any legal
> disability **shall** **be represented by his parent or guardian**; any
> reference to an action by a beneficiary includes, whenever
> appropriate, an action by the representative of the beneficiary.

(emphasis added).  Therefore, since Ellen is both the surviving parent of

William, and the legal guardian of William and his property, she is the <u>sole</u> person with the authority to make the 5 and 5 Power demand on William's behalf, and has properly done so.  Once that demand is made, Plaintiffs have no right, authority or discretion to reject it.

17.

Defendants admit so much of paragraph 17 of the Petition to the extent that the Will speaks for itself.  For purposes of clarification, completeness, and explanation, the phrase "a fiduciary under this will" simply refers to an appointment to a fiduciary position under the terms of the Will.  While this language may indirectly indicate that Mr. Raoul did not want Ellen to serve as an executor or trustee of his estate, paragraph 2.1.4 of the Will has no bearing on Ellen's ability or eligibility to serve as William's duly appointed legal guardian.  Ellen's appointment as the legal guardian over the property of William was a matter solely left to the sound discretion of the Chancery Court of Hamilton County, Tennessee.   The Chancery Court properly considered the financial and proprietary interests of William and was tasked with appointing whomever would best serve the welfare of William and his estate.  The Chancery Court appointed Ellen as the guardian of William's property, stating that Ellen is a "fit and proper person to be

named Guardian of the property of the Respondent [William]."  *See* Ex. B.

By properly appointing Ellen as the guardian of William's property, the Chancery Court bestowed upon her the authorities granted to a guardian pursuant to Tennessee law.  Tennessee law grants conservators, guardians, and parents acting on behalf of a minor, the authority to represent and bind the minor and the minor's estate.  T.C.A.. § 35-15-303.  Additionally, the official comment to this statute describes the role of a conservator as being "to **manage** the ward's property and **to make decisions** with respect to a ward's personal affairs."  *Id.*(emphasis added).  Therefore, since Ellen is the proper representative to act on William's behalf pursuant to the terms of the Will, the Order of the Chancery Court, and the relevant law, Ellen's actions in her representative capacity on William's behalf to exercise William's 5 and 5 Power were properly carried out, and Plaintiffs must distribute the requested funds.

18.

Defendants admit so much of paragraph 18 of the Petition to the extent it states that "Ellen Raoul has made demands on the Trustees under the Last Will and Testament of Gaston Raoul, on behalf of Raoul, for the distribution of funds under Paragraph 5.2.4 of said Last Will and

Testament."   Defendants further admit that Plaintiffs' have wrongfully rejected those demands.   Defendants deny the remaining allegations contained in paragraph 18 of the Petition to the extent that it suggests that Ellen does not have the authority to exercise the 5 and 5 Power in her representative capacity as the surviving parent, conservator, and legal guardian over William and his property.

19.

Defendants admit so much of paragraph 19 of the Petition to the extent that Plaintiffs have filed their action seeking declaratory relief; however, Defendants deny the remaining allegations of paragraph 19 of the Petition to the extent that it suggests that Ellen does not have the authority to exercise the 5 and 5 Power in her representative capacity as the surviving parent, conservator, and legal guardian over William and his property.

20.

Defendants admit so much of paragraph 20 of the Petition to the extent that Plaintiffs have filed their action seeking declaratory relief; however, Defendants deny the remaining allegations of paragraph 20 to the extent it suggests that a question exists as to whether Ellen has the authority to exercise the 5 and 5 Power in her representative capacity as the surviving

parent, conservator, and legal guardian over William and his property.  In fact, no suggestion or question exists.  Clearly, pursuant to the terms of the Will, the Order of the Chancery Court, and the relevant law, Ellen is the sole proper party to exercise the 5 and 5 Power on behalf of William.

**WHEREFORE**, Defendants pray:

(a) that this Court declare that Ellen Raoul, as the surviving parent, conservator, and legal guardian over the property of William, is the proper party to exercise William's right pursuant to paragraph 5.2.4 of the Will;

(b) that this Court declare that Ellen Raoul, as the surviving parent, conservator, and legal guardian over William and his property, has properly exercised William's right pursuant to paragraph 5.2.4 of the Will;

(c) that Plaintiffs immediately take all steps necessary to remit over to Ellen, as the legal guardian over William and his property, the value of the funds demanded in an amount to be determined, but no less than $225,000; and

(d) that Defendants have such further and other relief as the Court deems just and equitable.

Respectfully submitted, this 24th day of September, 2008.

**Prepared By:**

KAUFMAN, MILLER & SIVERTSEN

A Professional Corporation

s/ Robert J. Kaufman

Robert J. Kaufman

Georgia Bar No.:  409197

s/ Jeremy B. Liebman

Jeremy B. Liebman

Georgia Bar No.:  176937

8215 Roswell Road

Building 800

Atlanta, Georgia 30350

Telephone   (770) 390-9200

Facsimile    (770) 395-6720

E-mail:       rjk@kauflw.net

E-Mail:      jbl@kauflaw.net

I:\WP\CW\7116-001\Response.doc

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that to the best of my knowledge, Defendants'

Response to Plaintiffs' Petition For Declaratory Judgment has been prepared

with one of the font and point selections approved by the court in LR 5.1B,

pursuant to LR 7.   Specifically, the above-mentioned pleading has been

prepared using Times New Roman font, 14 point.

This 24th day of September, 2008.

<u>s/ Jeremy B. Liebman</u>
Jeremy B. Liebman
Georgia Bar No.:  176937
Attorney for Defendants

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Road
Building 800
Atlanta, Georgia 30350
Telephone   (770) 390-9200
Facsimile    (770) 395-6720
E-mail:      jbl@kauflaw.net

I:\WP\CW\7116-001\Response.doc

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2008, I have electronically filed Defendants' Response to Plaintiffs' Petition For Declaratory Judgment with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Christopher A. Townley

Thomas F. Lindsay

This 24th day of September, 2008.

s/ Jeremy B. Liebman
Jeremy B. Liebman
Georgia Bar No.:  176937
Attorney for Defendants

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Road
Building 800
Atlanta, GA 30350
Telephone No.:     (770) 390-9200
Facsimile No.:     (770) 395-6720
E-mail:     jbl@kauflaw.net

I:\WP\CW\7116-001\Response.doc