# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| PHILLIP B. WHITAKER, Jr. ) | |
| and DOUGLAS G. BULLARD ) | |
| ) | |
| Plaintiffs, ) | Civil File No. |
| ) | 4:08-CV-139(HLM) |
| vs. ) | |
| ) | |
| ELLEN RAOUL ) | |
| and WILLIAM RAOUL ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' INITIAL DISCLOSURES

Defendants ELLEN RAOUL ("**Ellen**") individually and WILLIAM RAOUL ("**William**") by next friend and guardian Ellen Raoul (hereinafter collectively referred to as "**Defendants**"), by and through their respective counsel, respectfully file pursuant to Local Rule 26.1, Defendants' Initial Disclosures and state as follows:

**(1)** **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The Defendants have been properly identified.

1

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by Plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendants contend that there has been no misjoinder and Defendants do not contend that any other parties should be added.  Pursuant to Plaintiffs' Certificate of Interest Persons and Corporate Disclosure Statement, it appears that Plaintiffs may assert that William should have a guardian ad litem appointed to represent his interests.  Yet, such an appointment would be moot, as the Chancery Court of Hamilton County, Tennessee, already adjudicated the matter of the guardian of William's property and issued an Order on the merits appointing Ellen as the legal guardian of her minor child, William, and his property.  In its Order, the Chancery Court recognized that William "is a minor person, is the owner of property requiring supervision, and should have a guardian appointed."  The Chancery Court then stated that Ellen is a "fit and proper person to be named Guardian of the property of the Respondent [William]."  Thus, the question of whether Ellen is the proper guardian of William's property has already been adjudicated and is not before this Court.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

This is a declaratory action in which this Court has been asked to declare whether Ellen, William's surviving parent and court appointed legal guardian of his person and property, has the authority pursuant to Paragraph 9.7 of the Will, to exercise William's power and unconditional right, exercisable on an annual basis, to demand the Five and Five Power.

On March 9, 2005, the Chancery Court of Hamilton County, Tennessee, issued an Order appointing Ellen Raoul ("**Ellen**") as the legal guardian of her minor child, William Raoul ("**William**"), and his property.  In its Order, the Chancery Court recognized that William "is a minor person, is the owner of property requiring supervision, and should have a guardian appointed."  The Chancery Court then stated that Ellen is a "fit and proper person to be named Guardian of the property of the Respondent [William]."

Pursuant to paragraph 2.1.2 of the Last Will and Testament of Gaston Raoul, III ("**Will**"), Plaintiffs were appointed as trustees of the trust established for William under paragraph 5.2 of the Will ("**Trust**") until William obtains the age of 35 years of age or until either Plaintiff fails to qualify or ceases to serve as trustee.

Paragraph 5.2.4 of the Will expressly directs that William shall have the power and unconditional right, exercisable on an annual basis, to demand of the trustee, payment from the Trust that was created pursuant to Paragraph 5 of the Will, of an amount equal to the greater of (1) $5,000 or (2) five percent of the aggregate value of the assets out of which such payment could be satisfied (this power has been commonly referred to by the parties as the **"Five and Five Power"**).  This Five and Five Power amounts to approximately $75,000 for each year the power has been exercised.  Ellen, in her capacity as William's parent (mother) and in her capacity as the Court appointed guardian of William's person and property properly exercised the Five and Five Power and made proper demand on Plaintiffs for each of the past 3 fiscal years.  Plaintiffs have rejected each of those demands.  The aggregate amount owed to William pursuant to the demands is no less that $225,000.

Further, Paragraph 9.7 of the Will sets out who may exercise powers that William possesses depending upon whether William has reached the age of majority.  Specifically, if William is a minor, then William's power is to be exercised by either his parent or guardian – which in this case is one and the same for wit: Ellen.  In the event William is no longer a minor, then William himself can

exercise these powers. This procedure is set forth in Paragraph 9.7 of the Will which provides as follows:

> Any action taken under this will by my beneficiaries is valid if taken by the majority of the current income beneficiaries of that portion of my fiduciary estate to which such action pertains. **Any beneficiary who is a minor** or who is under any legal disability **shall be represented by his parent or guardian**; any reference to an action by a beneficiary includes, whenever appropriate, an action by the representative of the beneficiary.

(emphasis added). Additionally, Tennessee law grants conservators, guardians, and parents acting on behalf of a minor, the authority to represent and bind the minor and the minor's estate. T.C.A. § 35-15-303. Additionally, the official comment to this statute describes the role of a conservator as being "to **manage** the ward's property and **to make decisions** with respect to a ward's personal affairs." *Id*. (emphasis added).

Therefore this Court has been asked to declare whether Ellen, William's surviving parent and court appointed legal guardian of his person and property, has the authority pursuant to Paragraph 9.7 of the Will, to exercise William's power and unconditional right, exercisable on an annual basis, to demand the Five and Five Power.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards, and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

At this time, Defendants are not in the position to fully detail all applicable case law, code sections, and other information that may impact on this case. However, the following may be applicable to the case at bar:

(a)  T.C.A. § 35-15-303

(b)  *Michigan Tech Fund v. Century National Bank of Broward*, 680 F.2d 736 (11th Cir. 1982)

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P 26(a)(2)(B), provide a**

**separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendants have yet to identify any individuals that may be used at trial under Rules 702, 703, or 705.  Defendants will supplement this response as experts are identified.  There is no Attachment B to this pleading.

**(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(8)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

If this Court finds that Ellen has properly exercised William's Five and Five Power, then Defendants request that this Court acknowledge the undisputed fact that proper demand has been made on Plaintiffs for the past 3 fiscal years. This Five and Five Power amounts to approximately $75,000 for each year the power has been exercised. Plaintiffs have rejected each of those demands, and therefore, the aggregate amount owed to William pursuant to the demands is no less that $225,000. Accordingly, Defendants request that Plaintiffs immediately remit the value of the funds demanded in an amount to be determined, but no less than $225,000 to Ellen as the legal guardian of William and his property. There is no Attachment D to this pleading.

**(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Not applicable.

**(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the**

**judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

There is no Attachment E.

Respectfully submitted, this 24th day of October, 2008

**Prepared By:**
KAUFMAN, MILLER & SIVERTSEN
A Professional Corporation
s/ Robert J. Kaufman
Robert J. Kaufman
Georgia Bar No.: 409197
s/ Jeremy B. Liebman
Jeremy B. Liebman
Georgia Bar No.: 176937

8215 Roswell Road
Building 800
Atlanta, Georgia 30350
Telephone    (770) 390-9200
Facsimile    (770) 395-6720
E-mail:      rjk@kauflw.net
E-Mail:      jbl@kauflaw.net

I:\WP\CW\7674-006\Defendants Initial Disclosures.doc

## **CERTIFICATE OF COMPLIANCE**

This is to certify that to the best of my knowledge, Defendants' Initial Disclosures has been prepared with one of the font and point selections approved by the court in LR 5.1B, pursuant to LR 7.  Specifically, the above-mentioned brief has been prepared using Times New Roman font, 14 point.

This 24th day of October 2008.

                s/ Jeremy B. Liebman
                Jeremy B. Liebman
                Georgia Bar No.:  176937
                Attorney for Defendants

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Road
Building 800
Atlanta, GA 30350
Telephone No.: (770) 390-9200
Facsimile No.: (770) 395-6720
E-mail:   jbl@kauflaw.net

I:\WP\CW\7116-001\Defendants Initial Disclosures.doc

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2008, I have electronically filed Defendants' Initial Disclosures with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Thomas Lindsay

    Christopher Townley

    s/ Jeremy B. Liebman
    Jeremy B. Liebman
    Georgia Bar No.:  176937
    Attorney for Defendants

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Road
Building 800
Atlanta, GA 30350
Telephone No.:    (770) 390-9200
Facsimile No.:    (770) 395-6720
E-mail:           jbl@kauflaw.net

I:\WP\CW\7116-001\Defendants Initial Disclosures.doc

## **Attachment A**

1. Philip B. Whitaker – who can be contacted through Plaintiff's counsel

2. Douglas G. Bullard – who may be contacted through Plaintiff's counsel

3. Ellen Raoul – who may be contacted through Defendant's counsel

4. William Raoul - who may be contacted through Defendant's counsel

5. Douglas Wessinger - who may be contacted through Defendant's counsel

6. George Hillegass - who may be contacted through Defendant's counsel

7. Thomas Lindsay, Esq.

8. Christopher Townley, Esq.

9. Jeremy B. Liebman, Esq.

10. Robert J. Kaufman, Esq.

11. All witnesses necessary for rebuttal

12. All witnesses listed by Plaintiff

13. Any witnesses for the purposes of authentication of documents

14. Any witnesses necessary for impeachment

15. Any witnesses necessary to address issues which arise at trial

## **Attachment C**

Below is the list of documents that may be utilized by Defendants during the course of the trial. Defendants reserve the right to supplement this response.

1. Last Will and Testament of Gaston Raoul, III

2. Various correspondence

3. Order Appointing Guardian of Property – Chancery Court of Hamilton County, Tennessee

4. Defendants billing records and summary of billing records evidencing attorneys' fees costs, interest and expenses incurred in this litigation

5. Other demonstrative evidence including charts and blow-ups

6. Any and all documents produced by any party in discovery

7. All pleadings and discovery filed in the above-styled action

8. All documents required to rebut claims of Plaintiff

9. Any and all documents listed by Plaintiff

10. All exhibits introduced during a Deposition taken by any party

I:\WP\CW\7116-001\Defendants Initial Disclosures.doc