IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| PHILLIP B. WHITAKER, Jr. ) | |
| and DOUGLAS G. BULLARD ) | |
| ) | |
| Plaintiffs, ) | Civil File No. |
| ) | 4:08-CV-139(HLM) |
| vs. ) | |
| ) | |
| ELLEN RAOUL ) | |
| and WILLIAM RAOUL ) | |
| ) | |
| Defendants. ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

This is a declaratory judgment action originally filed in the Superior Court of Dade County, Georgia by Philip B. Whitaker, Jr. and Douglas G. Bullard, executors of the Last Will and Testament of Gaston Raoul, III. Petitioners, Whitaker and Bullard are seeking a declaration from the Court as to Ellen Raoul's ability to make certain demands, under the Last Will and Testament of Gaston Raoul, III, on behalf of William Raoul.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative not recite evidence.**

Plaintiffs' Summary

On May 24, 2001, Gaston Raoul executed his Last Will and Testament and on March 21, 2003, Gaston Raoul executed his First Codicil thereto (collectively, the "Will").

Gaston Raoul died on March 21, 2004 at the age of 49. His Will was admitted before the Probate Court of Dade County, Georgia and the Plaintiffs were appointed to serve as executors of his estate. The Will also appoints Plaintiffs to serve as trustees of the testamentary trusts established under the Will and as guardians of the property of any minor child who survived Mr. Raoul. Mr. Raoul was survived by only one child, William Raoul, who currently is 15 years old.

Mr. Raoul's Will directs that his residuary estate be apportioned between two trust, each of which is to be used for the support of William Raoul and any future spouse and descendants he may have. One of the trusts will terminate when William attains the age of 35. The other trust (the "Exempt Trust") will continue for William's lifetime.

Paragraph 5.2 of the will makes clear that the administration of the Exempt Trust is to be governed solely by its provisions. Paragraph 5.2 states as follows: "Property apportioned to any child of mine following my death shall be

administered according to the terms of this <u>Paragraph</u>." Paragraph 5.2.4 of the Last Will and Testament of Gaston Raoul provides:

> 5.2 Trust for Child.  Property apportioned to any child of mine following my death **shall be administered according to the terms of this Paragraph.**

(emphasis added).  The Will directs that the Exempt Trust be funded initially with assets having an approximate value of $1,500,000.00 and administered during William's lifetime solely pursuant to the provisions of Paragraph 5.4. Subparagraph 5.2.4 of the Will specifies that *only* the child of Gaston Raoul – as distinguished from a guardian or fiduciary – has the power each year to request a distribution from the Exempt Trust in an amount equal the greater of five percent (5%) or $5,000.00 of the value of the trust.

William's mother, Ellen Raoul, who divorced Gaston Raoul in 1996 after a three-year marriage, has attempted to exercise William's withdrawal right under Subparagraph 5.2.4 of the Will on three occasions since Mr. Raoul's death.  She relies exclusively upon Paragraph 9.7 of the Will, which provides:

> 9.7   Action by Beneficiaries.   Any action to be taken under this will by my beneficiaries is valid if taken by the majority of the current income beneficiaries of that portion of my fiduciary estate to which such action pertains. Any beneficiary who is a minor or who is under any legal disability shall be represented by his parent or by his guardian; any reference to an action by a

> beneficiary includes, **whenever appropriate**, an action by the representative of the beneficiary.

(emphasis supplied). Because the issue here only involves Mrs. Raoul purporting to act on William's behalf, the only relevant portion of Paragraph 9.7 is the "whenever appropriate" language in the last clause. That clause indicates that Mr. Raoul intended for Paragraph 9.7 of the Will to supersede or govern other provisions of the Will only when it would be suitable to do so. Because Mrs. Raoul claims to possess her child's right to invade the corpus of her child's trust – a right that the Will indicates she does not have – the Plaintiff's filed a declaratory judgment action asking the Superior Court of Dade County, Georgia to resolve that matter. Mrs. Raoul removed the petition to this Court based upon diversity of citizenship.

<u>Defendants' Summary</u>

This is a declaratory action in which this Court has been asked to declare whether Ellen, William's surviving parent and court appointed legal guardian of his person and property, has the authority pursuant to Paragraph 9.7 of the Will, to exercise William's power and unconditional right, exercisable on an annual basis, to demand the Five and Five Power.

On March 9, 2005, the Chancery Court of Hamilton County, Tennessee, issued an Order appointing Ellen Raoul ("**Ellen**") as the legal guardian of her

minor child, William Raoul ("**William**"), and his property. In its Order, the Chancery Court recognized that William "is a minor person, is the owner of property requiring supervision, and should have a guardian appointed." The Chancery Court then stated that Ellen is a "fit and proper person to be named Guardian of the property of the Respondent [William]."

Pursuant to paragraph 2.1.2 of the Last Will and Testament of Gaston Raoul, III ("**Will**"), Plaintiffs were appointed as trustees of the trust established for William under paragraph 5.2 of the Will ("**Trust**") until William obtains the age of 35 years of age or until either Plaintiff fails to qualify or ceases to serve as trustee. Paragraph 5.2.4 of the Will expressly directs that William shall have the power and unconditional right, exercisable on an annual basis, to demand of the trustee, payment from the Trust that was created pursuant to Paragraph 5 of the Will, of an amount equal to the greater of (1) $5,000 or (2) five percent of the aggregate value of the assets out of which such payment could be satisfied (this power has been commonly referred to by the parties as the **"Five and Five Power"**). This Five and Five Power amounts to approximately $75,000 for each year the power has been exercised. Ellen, in her capacity as William's parent (mother) and in her capacity as the Court appointed guardian of William's person and property properly exercised the Five and Five Power and made proper demand on Plaintiffs

for each of the past 3 fiscal years. Plaintiffs have rejected each of those demands. The aggregate amount owed to William pursuant to the demands is no less that $225,000.

Further, Paragraph 9.7 of the Will sets out who may exercise powers that William possesses depending upon whether William has reached the age of majority. Specifically, if William is a minor, then William's power is to be exercised by either his parent or guardian – which in this case is one and the same for wit: Ellen. In the event William is no longer a minor, then William himself can exercise these powers. This procedure is set forth in Paragraph 9.7 of the Will which provides as follows:

> Any action taken under this will by my beneficiaries is valid if taken by the majority of the current income beneficiaries of that portion of my fiduciary estate to which such action pertains. **Any beneficiary who is a minor** or who is under any legal disability **shall be represented by his parent or guardian**; any reference to an action by a beneficiary includes, whenever appropriate, an action by the representative of the beneficiary.

(emphasis added). Additionally, Tennessee law grants conservators, guardians, and parents acting on behalf of a minor, the authority to represent and bind the minor and the minor's estate. T.C.A. § 35-15-303. Additionally, the official comment to this statute describes the role of a conservator as being "to **manage** the

ward's property and **to make decisions** with respect to a ward's personal affairs." *Id*. (emphasis added).

Therefore this Court has been asked to declare whether Ellen, William's surviving parent and court appointed legal guardian of his person and property, has the authority pursuant to Paragraph 9.7 of the Will, to exercise William's power and unconditional right, exercisable on an annual basis, to demand the Five and Five Power.

**(c)  The legal issues to be tried are as follows:**

Whether or not ELLEN RAOUL may exercise WILLIAM RAOUL'S right to exercise the Five and Five Power under the trust established in and part of the Last Will and Testament of GASTON RAOUL by making a demand, on behalf of WILLIAM RAOUL, on the Petitioners.

**(d)  The cases listed below (include both style and action number) are:**

(1)  Pending Related Cases:  None.

(2)  Previously Adjudicated Related Cases: None that effect the issues herein with the possible exception of the appointment of Ellen Raoul as the guardian of William Raoul.

**(e)  While the parties have submitted this Joint Preliminary Report with the above stated descriptions, summations and issues, the facts and issues**

**involved herein make it difficult for all parties to completely agree with that stated above.**

The parties are submitting this Report without the same being argumentative, however, the parties reserve the right to vary the above as the evidence and facts are developed as this matter moves forward.

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):** This case is not complex.

　　　_____ (1)   Unusually large number of parties
　　　_____ (2)   Unusually large number of claims or defenses
　　　_____ (3)   Factual issues are exceptionally complex
　　　_____ (4)   Greater than normal volume of evidence
　　　_____ (5)   Extended discovery period is needed
　　　_____ (6)   Problems locating or preserving evidence
　　　_____ (7)   Pending parallel investigations or action by government
　　　_____ (8)   Multiple use of experts
　　　_____ (9)   Need for discovery outside United States boundaries
　　　_____ (10)  Existence of highly technical issues and proof

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

　　Plaintiff:   Christopher A. Townley

　　Defendant:  Robert Kaufman

**4. Jurisdiction:**

　　Is there any question regarding this court's jurisdiction?

_____Yes     ____ X____No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None known at this time.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

When this matter was originally filed in the Superior Court of Dade County, Georgia, the Plaintiffs had previously requested that a guardian ad litem be appointed by the Court for William Raoul. The Plaintiffs reserve the right to ask this Court to do the same.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.

**(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:**

At this time, the parties are unaware of any amendments that will be necessary.

**(b)  Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

**(a)  *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.**

**(b)** *Summary Judgment Motions*: **within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** *Other Limited Motions*: **Refer to Local Rules 7.2A; 7.2B, and 72.E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony*: **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures: The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

**9. Request for Scheduling Conference: Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Neither party is requesting a scheduling conference.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracts: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery maybe needed:**

At this time, the parties anticipate that there may be limited written discovery in this matter.  The parties anticipate that it may be necessary to depose the other parties expert(s) and other witnesses that may be called to testify.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11. Discovery Limitation:  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of Court, and what other limitations should be imposed.**

The parties anticipate no limitations at this time.

**12.  Other Orders:  What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13. Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 20, 2008, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

| | |
|---|---|
| For plaintiffs: | Lead counsel (signature): |
| | s/Christopher A. Townley<br>Christopher A. Townley |
| | Other participants:<br>Thomas F. Lindsay |
| For defendants: | Lead counsel (signature): |
| | s/Robert J. Kaufman<br>Robert J. Kaufman |
| | Other participants:<br>Jeremy Liebman<br>Jason Adler |

(**b**)  **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(\_\_\_X\_\_\_)  A possibility of settlement before discovery.
(_____)  A possibility of settlement after discovery.
(_____)  A possibility of settlement, but a conference with the judge is needed.
(_____)  No possibility of settlement.

**(c)  Counsel (_____) do or (\_\_\_X\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____, 20_____.**

**(d)  The following specific problems have created a hindrance to settlement of this case.**

**14.  Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a)  The parties (____) do consent to having this case tried before a magistrate judge of this court.

    (b)  The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 24th day of October, 2008

**Counsel for Plaintiff:**

TOWNLEY & LINDSAY, LLC

s/ Christopher A. Townley
Christopher A. Townley
Georgia Bar No.:  714925
s/ Thomas F. Lindsay
Thomas F. Lindsay
Georgia Bar No.:  453028

P.O. Box 278
Rossville, Georgia 30741
Telephone:  (706) 861-6003
Facsimile:  (706) 861-6012
E-mail:    townleychris@hotmail.com
E-mail:    tlindsay@americaninter.net

**Counsel for Defendants:**

KAUFMAN, MILLER & SIVERTSEN
A Professional Corporation

s/ Robert J. Kaufman
Robert J. Kaufman
Georgia Bar No.:  409197
s/ Jeremy B. Liebman
Jeremy B. Liebman
Georgia Bar No.:  176937

8215 Roswell Road
Building 800
Atlanta, Georgia 30350
Telephone    (770) 390-9200
Facsimile    (770) 395-6720
E-mail:      rjk@kauflaw.net
E-mail:      jbl@kauflaw.net

## **CERTIFICATE OF COMPLIANCE**

This is to certify that to the best of my knowledge, the Joint Preliminary Report and Discovery Plan has been prepared with one of the font and point selections approved by the court in LR 5.1B, pursuant to LR 7.  Specifically, the above-mentioned pleading has been prepared using Times New Roman font, 14 point.

This 24th day of October 2008.

s/ Jeremy B. Liebman
Jeremy B. Liebman
Georgia Bar No.:  176937
Attorney for Defendants

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Road
Building 800
Atlanta, GA 30350
Telephone No.:   (770) 390-9200
Facsimile No.:   (770) 395-6720
E-mail:           jbl@kauflaw.net

I:\WP\CW\7116-001\Joint Preliminary Report.ver2.doc

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2008, I have electronically filed Joint Preliminary Report and Discovery Plan with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

      Thomas Lindsay

      Christopher Townley

                                       s/ Jeremy B. Liebman
                                       Jeremy B. Liebman
                                       Georgia Bar No.:  176937
                                       Attorney for Defendants

Kaufman, Miller & Sivertsen, P.C.
8215 Roswell Road
Building 800
Atlanta, GA 30350
Telephone No.:    (770) 390-9200
Facsimile No.:    (770) 395-6720
E-mail:            jbl@kauflaw.net

I:\WP\CW\7116-001\Joint Preliminary Report.ver2.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PHILLIP B. WHITAKER, Jr. and DOUGLAS G. BULLARD | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil File No. 4:08-CV-139(HLM) |
| vs. | ) ) | |
| ELLEN RAOUL and WILLIAM RAOUL | ) ) ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

　　　　IT IS SO ORDERED, this _____ day of _____, 2008.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE