UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

_____
                                                        )
IN RE:                                           )
ESTATE OF GASTON C. RAOUL, III      )
_____  )    CIVIL ACTION FILE NO.:
                                                      )    4-08-CV-139 (RLV)
ELLEN RAOUL and                        )
WILLIAM RAOUL, a minor,           )
by ELLEN RAOUL,                         )
                                                      )
     Counter Claimants,               )
                                                      )
v.                                                       )
                                                      )
PHILIP B. WHITAKER, JR. and        )
DOUGLAS G. BULLARD,              )
                                                     )
     Counter Defendants.             )
_____  )

**COUNTER DEFENDANT
<u>PHILIP B. WHITAKER, JR.'S REPLY TO COUNTERCLAIM</u>**

Counter Defendant Philip B. Whitaker, Jr. ("Whitaker") files his Reply to Counterclaim, answering the numbered paragraphs of the Counterclaim as follows:

    1.    Admitted.

    2.    Whitaker admits that Counter Claimants removed this action to this Court, that venue in this Court is proper, and that this Court has *in personam* jurisdiction over each of the parties. Whitaker denies the remaining allegations of paragraph 2.

3. Denied.

4. Whitaker admits that Whitaker and Douglas G. Bullard were appointed trustees of trusts (the "Trusts") established under the Last Will and Testament of Gaston Raoul, III (the "Will") as provided in Section 2.1.2 of the Will. Whitaker denies the allegations of paragraph 4 to the extent that they fail to describe accurately and completely the terms of the Will.

5. Denied.

6. Denied.

7. Whitaker incorporates his responses to the allegations of paragraphs 1 through 6 of the Counterclaim as if set forth herein.

8. Paragraph 8 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

9. Paragraph 9 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

10. Denied.

11. Paragraph 11 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Paragraph 16 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

17. Denied.

18. Denied.

19. Paragraph 19 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

20. Denied.

21. Paragraph 21 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

22. Denied.

23. Denied.

24. Paragraph 24 states a legal conclusion that Whitaker is not required to admit or deny. To the extent a response is required, it is denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

Whitaker denies all allegations of the Counterclaim not expressly admitted herein.

Whitaker denies Counter Claimants' prayer for relief in all respects.

Without assuming the burden of proof where it otherwise lies with Counter Claimants, Whitaker pleads the following defenses:

## First Defense

Ellen Raoul has no right, title, claim, standing, or interest to assert in her individual capacity and thus fails to state claim on her own behalf upon which relief can be granted.

## Second Defense

Acting in her purported capacity as a representative of William Raoul, Ellen Raoul has unclean hands and a conflict of interest and thus fails to state claim on William Raoul's behalf upon which relief can be granted.

## Third Defense

To the extent Ellen Raoul is a proper representative of William Raoul, William Raoul's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Fourth Defense**

There is a substantial question of whether this Court possesses subject matter jurisdiction over Counter Claimants' prayer to remove Whitaker and Bullard as trustees.

**Fifth Defense**

An award of punitive damages against Whitaker would violate Whitaker's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph I of the Constitution of Georgia of 1983.

**Sixth Defense**

An award of punitive damages against Whitaker would violate the prohibition against excessive fines under the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

**Seventh Defense**

Without limiting any previous defense, insofar as any punitive damages sought by Counter Claimants are awarded, such punitive damages may not be awarded to Counter Claimants, as to do so would violate Whitaker's due process rights guaranteed by the United States Constitution as applied in <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct. 1513 (2003).

**Eighth Defense**

To the extent the First Amended Answer and Counterclaim as filed differs from the proposed First Amended Answer and Counterclaim for which leave to file was sought and received (including, but not limited to, the prayer for punitive damages), the First Amended Answer and Counterclaim was filed without leave of Court as required by the Federal Rules of Civil Procedure.

**Ninth Defense**

This case should not proceed without the appointment of a guardian ad litem to represent the interests of William Raoul, a minor, and his unborn descendants.

Whitaker reserves the right to amend or supplement these defenses as permitted by the rules of this Court.

WHEREFORE, in addition to relief prayed for in the Petition for Declaratory Judgment, Whitaker prays that this Court (i) enter final judgment in favor of Whitaker on the Counterclaim; (ii) award Whitaker his costs and expenses in defending against the Counterclaim, including attorney's fees, from the assets of the Trusts and/or from Ellen Roaul, individually; and (iii) award such other relief as the Court may deem just and appropriate.

This 5th day January, 2009.

                KING & SPALDING LLP

                /s John P. Brumbaugh
                Ralph B. Levy
                Georgia Bar No. 449750
                rlevy@kslaw.com
                Letitia A. McDonald
                Georgia Bar No. 489430
                tmcdonald@kslaw.com
                John P. Brumbaugh
                Georgia Bar No. 085378
                pbrumbaugh@kslaw.com
                1180 Peachtree Street, N.E.
                Atlanta, Georgia 30309-3521
                Phone: (404) 572-4600
                Fax: (404) 572-5100

                Counsel for Plaintiff/Counter Defendant
                Philip B. Whitaker, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Christopher A. Townley
    townleychris@hotmail.com
    Thomas F. Lindsay
    tlindsay@americainter.net
    Robert J. Kaufman
    rjk@kauflaw.net
    Jeremy B. Liebman
    jbl@kauflaw.net
    Johannes S. Kingma
    jkingma@carlockcopeland.com
    gstanton@carlockcopeland.com

This 5th day of January, 2009.

                                        /s John P. Brumbaugh
                                        John P. Brumbaugh
                                        pbrumbaugh@kslaw.com
                                        Georgia Bar No. 085378