UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

_____ )
                                     )
IN RE:                               )
ESTATE OF GASTON C. RAOUL, III       )
_____ )   CIVIL ACTION FILE NO.:
                                     )   4-08-CV-139 (RLV)
ELLEN RAOUL and                      )
WILLIAM RAOUL, by his next friend    )
and guardian ELLEN RAOUL,            )
                                     )
Counter Claimants,                   )
                                     )
v.                                   )
                                     )
PHILIP B. WHITAKER, JR. and          )
DOUGLAS G. BULLARD,                  )
                                     )
         Counter Defendants.         )
_____ )

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR ENTRY OF ORDER OF DISMISSAL AND MEMORANDUM IN SUPPORT**

Plaintiffs/Counter Defendants Douglas G. Bullard and Philip B. Whitaker, Jr. (the "Trustees"), and Defendants/Counter Claimants Ellen Raoul ("Ellen") and William Raoul ("William"), a minor by his natural mother and guardian Ellen, jointly move the Court for entry of an Order Approving Releases and of Dismissal in the form attached as Exhibit A. The movants are authorized to inform the Court that the Court-appointed guardian ad litem, Mr. Robert M. Brinson, consents to

this motion and entry of the attached order. In support of their joint motion, the movants show as follows.

## MEMORANDUM OF LAW

The Trustees initiated this lawsuit by petitioning the Superior Court of Dade County, Georgia, for a declaratory judgment regarding whether they must recognize Ellen's exercise of a power provided in the Will[1] of Gaston C. Raoul, III ("Gaston"), on behalf of William. Ellen, on behalf of herself and William, removed the action to this Court and asserted counterclaims alleging that the Trustees breached their fiduciary duties owed to William, as the sole living beneficiary of the trusts created by Gaston's Will, by not providing for William's "proper support, maintenance, education, and health," among other contentions. Ellen's counterclaims sought damages and the Trustees' removal.

Upon the parties' joint motion, this Court appointed Robert M. Brinson as guardian ad litem to represent the interests of William and his unborn descendants, also beneficiaries of the trusts at issue. Following his appointment, Mr. Brinson requested and received documents from the parties' files and in addition received

---

[1] Last Will and Testament of Gaston C. Raoul, III, dated May 24, 2001 and First Codicil to Last Will and Testament of Gaston C. Raoul, III, dated March 21, 2003.

documents from Ellen and William's financial adviser, George Hillegass. Mr. Brinson also met with the parties and their advisors on several occasions.

Through his review of the materials provided to him by each side and his meetings with the parties, Mr. Brinson formed a view of the situation that he candidly communicated to the parties, through their counsel. The parties agreed to seek Mr. Brinson's aid in resolving their dispute without further litigation. Mr. Brinson participated in negotiations, and, upon the parties' request, prepared a report setting forth his conclusions regarding the conduct of the Trustees and the state of the relationship between the Trustees and William. Mr. Brinson's report is attached as Exhibit B.

The settlement negotiations successfully concluded in the execution of a Settlement Agreement, a copy of which is attached as Exhibit C. The goal of the Settlement Agreement is to effect a clean break between the parties, without any party admitting any fault or liability. The principal terms of the Settlement Agreement are as follows: (1) the Trustees agree to resign as trustees and as executors of Gaston's estate; (2) Mr. Brinson will become trustee of the trusts at issue and executor of Gaston's estate (upon approval of the Probate Court administering the estate); and (3) the parties exchange full liability releases, including releases given by Ellen on behalf of 16-year old William.

The agreement is contingent upon this Court's entry of the Order of Dismissal, which includes a provision approving the settlement. There is authority in Georgia for the proposition that a release given on behalf of a minor may not be enforceable against the minor when he reaches the age of majority if the release has not been approved by the court. *See* O.C.G.A. § 29-3-3; *Saliba v. Saliba*, 202 Ga. 279 (1947).

In the Settlement Agreement, Ellen and Mr. Brinson have represented that they are of the view that the settlement serves the best interests of William and of his unborn descendants. Additionally, counsel for Ellen and William has agreed to provide a legal opinion that they believe the settlement is in William's best interest. In light of those representations, counsel's opinion, and Mr. Brinson's report, the parties ask the Court to approve the settlement to ensure the finality of these proceedings.

For these reasons, the parties jointly request that the Court enter the Order Approving Settlement and of Dismissal in the form attached as Exhibit A.

Respectfully submitted, this 23rd day of September, 2009.

| CARLOCK COPELAND & STAIR, LLP | KING & SPALDING LLP |
|---|---|
| /s Michele R. Jones<br>Johannes S. Kingma<br>Georgia Bar No. 421650 | /s John P. Brumbaugh<br>Ralph B. Levy<br>Georgia Bar No. 449750 |

jkingma@carlockcopeland.com
Michele R. Jones
Georgia Bar No. 607116
mjones@carlockcopeland.com
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
Phone:  (404) 522-8220
Fax:  (404) 523-2345
P.O. Box 56887
Atlanta, Georgia  30343-0887

Counsel for Plaintiff/Counter Defendant Douglas G. Bullard

KAUFMAN, MILLER & SIVERTSEN, P.C.

/s Robert J. Kaufman
Robert J. Kaufman
Georgia Bar No. 409197
rjk@kauflaw.net
Jeremy B. Liebman
Georgia Bar No. 176937
jbl@kauflaw.net
8215 Roswell Road
Building 800
Atlanta, Georgia  30350-6445
Phone:  (770) 390-9200
Fax:  (770) 395-6720

Counsel for Defendants/Counter Plaintiff Ellen Raoul and William Raoul

rlevy@kslaw.com
Letitia A. McDonald
Georgia Bar No. 489430
tmcdonald@kslaw.com
John P. Brumbaugh
Georgia Bar No. 085378
pbrumbaugh@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Phone: (404) 572-4600
Fax: (404) 572-5100

Counsel for Plaintiff/Counter Defendant Philip B. Whitaker, Jr.

## **LR 7.1D CERTIFICATE**

This is to certify that the foregoing memorandum was prepared in Times New Roman font, 14 point, in accordance with LR 5.1B.

s/ John P. Brumbaugh<br>
John P. Brumbaugh

# EXHIBIT A

(to Joint Motion for Approval)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| _____ )<br>IN RE: )<br>ESTATE OF GASTON C. RAOUL, III )<br>_____ )<br>)<br>ELLEN RAOUL and )<br>WILLIAM RAOUL, by his next friend )<br>and guardian ELLEN RAOUL, )<br>)<br>Counter Claimants, )<br>)<br>v. )<br>)<br>PHILIP B. WHITAKER, JR. and )<br>DOUGLAS G. BULLARD, )<br>)<br>Counter Defendants. )<br>_____ ) | CIVIL ACTION FILE NO.:<br>4-08-CV-139 (RLV) |

**ORDER APPROVING SETTLEMENT AND OF DISMISSAL**

This matter is before the Court upon the parties' Joint Motion for Approval of Settlement and for Entry of Order of Dismissal. Having considered the parties' joint motion, including the attached Settlement Agreement and Report of Guardian Ad Litem Robert M. Brinson, the Court finds and orders as follows:

1. The parties have reached an arm's length settlement, in which the interests of the minor William Raoul ("William") were represented by his natural

mother and guardian Ellen Raoul ("Ellen"), legal counsel jointly representing William and Ellen, and Mr. Brinson as guardian ad litem.

2.     As part of the settlement, Ellen is providing releases on behalf of William of claims that were or could have been raised in this litigation relating to the relationship between the parties.

3.     The parties' settlement is contingent upon the Court's approval of the settlement.

4.     In light of the representations of Ellen and of Mr. Brinson, as guardian ad litem, that they believe the settlement is in the best interest of William; the opinion of Ellen and William's counsel that they believe the settlement to be in William's interest; and the conclusions of Mr. Brinson as set forth in his report, the Court authorizes William's parent and guardian Ellen to compromise and terminate the claims of William, a minor, as set forth in the Settlement Agreement. The Court APPROVES the Settlement Agreement and the releases being given on behalf of William and ORDERS that those releases be deemed effective as against William upon his majority.

5.     The Court RELIEVES Mr. Brinson and any other successor trustee from any duty to inquire into or audit the acts or doings of the Trustees.

6. The Trustees' petition for declaratory judgment is hereby DISMISSED WITHOUT PREJUDICE.

7. Ellen and William's counterclaims are hereby DISMISSED WITH PREJUDICE.

This _____ day of _____, 2009.

 

_____
Robert L. Vining, Jr.
United States District Judge

# EXHIBIT B

(to Joint Motion for Approval)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br>ESTATE OF GASTON C. RAOUL, III<br><br>ELLEN RAOUL and<br>WILLIAM RAOUL, a minor,<br>by ELLEN RAOUL,<br><br>    Counter Claimants,<br><br>v.<br><br>PHILIP B. WHITAKER, JR. and<br>DOUGLAS G. BULLARD,<br><br>    Counter Defendants. | CIVIL ACTION FILE NO.:<br>4-08-CV-139 (RLV) |

## REPORT OF GUARDIAN AD LITEM

The undersigned submits this report, the impetus for which is hereinafter explained, for the use of the parties and the Court.

### INTRODUCTION

### PROCEDURAL HISTORY

On May 23, 2008, Phillip B. Whitaker ("Whitaker") and Douglas G. Bullard ("Bullard") (hereinafter collectively referred to as "Executors" or "Trustees") filed a Petition for Declaratory Judgment in the Superior Court of Dade County, Georgia, denominated as Civil Action No. 08CV00255 and captioned "*In Re*

240643

*Estate of Gaston C. Raoul, III*". The Petition is in the record in this case. (Docket #1). Whitaker and Bullard are the duly appointed executors of the estate of Gaston Raoul, III ("Gaston") and are citizens of Georgia and Tennessee, respectively.

On August 25, 2008, Ellen Raoul ("Ellen") and her son by Gaston, William Raoul ("William") (hereinafter collectively referred to as "Respondents"), both residents of Massachusetts, timely removed the case to this Court (*Id*).

Respondents answered the Petition and were later permitted to file a First Amended Answer and Counterclaim (Docket #18), alleging that the Trustees breached their duties as trustees of the trusts created by Gaston, for his son and sole living beneficiary, William.

In the initial stages of the litigation, the parties determined that there was a need for an independent guardian ad litem to protect William and his descendants' best interests. Upon the parties' joint motion (Docket #20), the undersigned was appointed by order of this Court on February 9, 2009 (Docket #21).

## SUMMARY OF THE FACTS AND ISSUES

On May 24, 2001, Gaston Raoul executed his Last Will and Testament, and on March 21, 2003, Gaston executed his First Codicil thereto (collectively, the "Will").

Gaston died on March 21, 2004 at the age of 49. His Will was admitted before the Probate Court of Dade County, Georgia, and Whitaker and Bullard were

2

appointed to serve as executors of his estate. The Will also appoints Whitaker and Bullard to serve as trustees of the testamentary trusts established under the Will and as guardians of the property of any minor child who survived Gaston. Gaston was survived by only one child, William, who is currently 16 years old.

William is Gaston's sole heir and stands to inherit substantially all of Gaston's estate, which is currently valued at several million dollars. Pursuant to paragraph 2.1.2 of the Will, the executors were also appointed as trustees of the trusts established for William under paragraph 5.2 ("Exempt Trust") and 6.2 ("Non-Exempt Trust') of the Will (collectively "Trusts"). The Non-Exempt Trust terminates when William is 35 years old, and the Exempt Trust terminates in the future when and if William has children and they reach the age of 35.

Gaston created the Trusts to provide for the "proper support, maintenance, education or health" of William. Paragraph 5.2.4 of the Will directs that Gaston's child shall have the power and right, exercisable on an annual basis, to demand of the trustees payment from the Exempt Trust of an amount equal to the greater of (1) $5,000 or (2) five percent of the aggregate value of the assets out of which such payment could be satisfied (this power being commonly referred to by the parties as the "Five and Five Power"). A copy of the Will is in the record in this case (Docket #24). The Five and Five Power amounts to approximately $75,000 for each year the power has arguably been exercised. In a previous matter involving

these parties, a court noted that, with respect to Gaston's residuary estate, the funds accessible through the Five and Five Power "are available to William Raoul in addition to the amount provided him by the executors of the trust."

On March 9, 2005, the Chancery Court of Hamilton County, Tennessee, issued an Order appointing William's surviving parent, Ellen, as legal guardian of her minor child, William, and his property. A copy of the March 9, 2005 Order is in the record in this case. In its Order, the Chancery Court recognized that William "is a minor person, is the owner of property requiring supervision, and should have a guardian appointed." The Chancery Court then noted that Ellen is a "fit and proper person to be named Guardian of the property of the Respondent [William]." Ellen was also issued letters of guardianship over William's property by the Probate Court of Dade County, Georgia. A copy of the Dade County Probate Court Order is in the record in this case.

As William's mother and legal guardian, Ellen, who divorced Gaston in 1996 after a three-year marriage, attempted to exercise William's withdrawal right under subparagraph 5.2.4 of the Will on three occasions since Mr. Raoul's death. She relied upon Paragraph 9.7 of the Will which provides:

> 9.7 Action by Beneficiaries. Any action to be taken under this will by my beneficiaries is valid if taken by the majority of the current income beneficiaries of that portion of my fiduciary estate to which such action pertains. Any beneficiary who is a minor or who is under any legal disability shall be represented by his parent or by his guardian; any reference to an action by a beneficiary includes,

4

whenever appropriate, an action by the representative of the beneficiary.

The Trustees took issue with regard to the interpretation of the Will and whether Ellen possessed the power she sought to exercise.

Ellen and William contend that, since Gaston's death, the Trustees, in addition to raising an issue with respect to the Five and Five Power, have failed to adequately provide for the proper support, maintenance, education, and health of William, thereby causing William great economic hardship and destroying the relationship between the trustees and William.

The Trustees contend that they have at all times fully executed their duties as trustees and have properly provided for the support, maintenance, education and health of William while preserving the trust estate for William and his unborn descendants.

## CONDUCT OF THE LITIGATION AND THE ROLE OF THE GUARDIAN AD LITEM

After the joinder of the above-described issues and as the litigation proceeded, the parties found it desirable, and hopefully helpful, for the undersigned to interview the parties and to review documents to gain a sense of "the problem" which had arisen and grown between the Trustees and William.

Pursuant to the request of the parties, and perceiving the need to help resolve the issues, the undersigned proceeded to:

5

(1) interview, in person, Ellen and William;

(2) interview, in person, George Hillegass, a close advisor of Ellen and William and a CPA;

(3) review numerous documents voluntarily produced by counsel for the Trustees;

(4) interview, in person, both of the Trustees;

(5) review numerous documents voluntarily produced by Ellen, William, and George Hillegass;

(6) submit separate questions to the parties, which questions were fully answered; and

(7) discuss with counsel for the parties any observations gleaned from the foregoing.

The interviews were candid, and the parties were forthcoming.

The documents reviewed consisted of copies of correspondence, court documents, memos and, mostly, emails between and among the parties and/or the Trustees and Ellen and William's financial and tax advisor, George Hillegass.

Although there has yet been no formal discovery in this case (other than the parties' initial disclosures), the parties' counsel voluntarily permitted the undersigned to be privy to the parties' thoughts and feelings and over five years' worth of documents. Although the conversations with the parties were unsworn

6

and the documents were not authenticated, the undersigned has no reason to doubt the veracity or genuineness of either.

After a detailed inspection and evaluation of the voluntarily created record, the undersigned finds and CONCLUDES as follows: The Trustees' positions have arguably been rigid and uncompromising, but their records were complete and detailed, and there is no evidence of any breach of fiduciary duty by the Trustees.

On the other hand, communications between the Trustees and William's representatives were tedious at first, and then became contentious. It has become crystal clear that the relationship between the Trustees and William has become irretrievably broken. The undersigned CONCLUDES that, because of the deterioration in the relationship between the Trustees and William, the continuation of the Trustees in office would be detrimental to the execution of the trust (*see, e.g.*, the descriptive language in *May v. May*, 167 U.S. 310, 320-21 (1897)).

### SCOPE OF GUARDIAN AD LITEM'S DUTIES AND FUNCTIONS AND CONCLUSION

This litigation proceeded in due course, apparently until some settlement overtures were conveyed and discussed. Counsel have negotiated, and the undersigned, by invitation, has joined them in these discussions, which have resulted in a settlement. It is my understanding that counsel for both parties desire that I expand my originally understood duties and prepare a report of my findings

7

and opinion in the interests of settlement. It is with these instructions (and the understanding of concomitant inadmissibility) and my perception of assisting in the best interest of William and his unborn heirs that I submit this report and the foregoing findings and conclusions.

Respectfully submitted this 22nd day of September, 2009.

*/s/ Robert M. Brinson*
ROBERT M. BRINSON
Georgia Bar No. 082900

Post Office Box 5007
Rome, GA 30162-5007
Telephone: (706) 291-8853
Facsimile: (706) 234-3574
Email: bbrinson@brinson-askew.com

8

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Christopher A. Townley
    townleychris@hotmail.com
    Thomas F. Lindsay
    tlindsay@americainter.net
    Robert J. Kaufman
    rjk@kauflaw.net
    Jeremy B. Liebman
    jbl@kauflaw.net
    Johannes S. Kingma
    jkingma@carlockcopeland.com
    gstanton@carlockcopeland.com
    Michele R. Jones
    mjones@carlockcopeland.com
    Robert M. Brinson
    bbrinson@brinson-askew.com

This 23rd day of September, 2009.

                                      s/ John P. Brumbaugh
                                      John P. Brumbaugh